**UNITED STATES of America,
Appellee,**

v.

**Robert J. LACHER, Appellant.**

**No. 04–3570.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 7, 2005.

Decided April 13, 2005.

Richard E. Monroe, Asst. U.S. Attorney, Springfield, MO, (Philip M. Koppe, Asst. U.S. Atty., Todd P. Graves, U.S. Atty., Kansas City, MO, on the brief), for Appellee.

Ann M. Koszuth, Asst. Fed. Pub. Defender, Springfield, MO, (Raymond C. Conrad, Fed. Pub. Defender, Kansas city, MO, on the brief), for Appellant.

Before BYE, RILEY, and COLLOTON, Circuit Judges.

## PER CURIAM.

In this direct criminal appeal, Robert Lacher challenges the sentence the district court[1] imposed after he pleaded guilty to a felon-in-possession charge. He argues that (1) *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), precluded the district court from finding that his second-degree burglary conviction of a commercial building was a crime of violence; and (2) the conviction is not a crime of violence, and this court should revisit *United States v. Hascall*, 76 F.3d 902 (8th Cir.) (holding burglary of commercial structure is crime of violence), *cert. denied*, 519 U.S. 948, 117 S.Ct. 358, 136 L.Ed.2d 250 (1996).

■■■ These arguments fail. During the pendency of this appeal, the Supreme Court held in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 756, 765–67, 160 L.Ed.2d 621 (2005), that the reasoning in *Blakely* applies to the federal Sentencing Guidelines, and therefore that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty … must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Thus, the Court reaffirmed that, consistent with the Sixth Amendment, a court may find the fact of a prior conviction, *see id.* at 756, and the fact of a prior conviction includes the determination whether the conviction is of a type that enhances the defendant's sentence, *see United States v. Kempis–Bonola*, 287 F.3d 699, 703 (8th Cir.2002). We also find that the court properly determined that Lacher's conviction was a "crime of violence," *see Hascall*, 76 F.3d at 904 (second-degree burglary of commercial building "involves conduct that presents a serious potential risk of physical injury to another" and is therefore a crime of violence), and only this court en banc may

---

1. The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

revisit its holding in *Hascall, see United States v. Yell,* 18 F.3d 581, 583 (8th Cir. 1994). Lacher raises no argument based on *Booker* that the sentence imposed was unreasonable.

Accordingly, we affirm.